SAUNDERS, J.,
dissents and assigns written reasons.
I,DISSENT
I respectfully disagree with the majority. I believe that the language “with the respect to liability arising out of the ... use ...” is broader than the interpretation given by the majority and cannot be limited to a four hour period as those things which happen prior to or after the four hour period may give rise to liability. This is clear as, the exclusionary language stating that “any occurrence which takes place after you cease to be a tenant in that premises” does not relieve Metro Bingo of liability as the tenancy does not end until 5:30 and the party injured at 1:15 was not injured “after you cease to be a tenant in that premises!!.]” Accordingly, the broad language of liability “arising out of ...” would apply, not the specific exclusionary language, as the injured party went to play bingo and would not have been on the premises otherwise.
Furthermore, moving to the second issue as to whether a defense is owed I note the language that “whenever the pleadings against its insured disclose even a possibility of liability under the policy!.]” Based upon this language, I believe that coverage is owed as there is a very strong possibility of liability and, in fact, I contend that liability is clear.